**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DAVID TONEY** | **Criminal No. 17-0407** |

**MEMORANDUM**

**Costello, J.**                                                                                    **July 16, 2026**

In 2019, David Toney was sentenced to 120 months imprisonment and four years of

supervised release for trafficking dangerous drugs and possessing a firearm in furtherance of his

drug trafficking crimes.  Toney did not complete his prison sentence owing to a presidential

commutation.  Having received early release from his sentence of imprisonment, Toney now

moves for early termination of his supervised release.  Because Toney has failed to identify any

legitimate basis for early termination, the Court will deny the motion.

**I.      BACKGROUND**

In 2018, Toney pleaded guilty to one count of conspiracy to distribute 500 grams or more

of cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime.

Under the terms of the plea agreement, the parties recommended a sentence of ten years of

imprisonment and four years of supervised release.  ECF No. 129 ¶ 5.  This represented a

downward variance from the sentencing guidelines range of 157-181 months imprisonment.

ECF No. 176 at 4.  The plea agreement also contained the following waiver:

> "[T]he defendant agrees that he voluntarily and expressly waives all rights to
> appeal or collaterally attack the conviction, sentence, or any other matter relating
> to this prosecution, whether such a right to appeal or collateral attack arises under
> 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of
> law."

ECF No. 129 ¶ 15.  At his change-of-plea hearing, the court reviewed the waiver with Toney and informed him that "any other motions you want to file that came to mind for you or [your attorney] by pleading guilty, you're giving up your right to do that."  ECF No. 143 at 17.  The sentencing judge asked Toney if he understood and he replied that he did.  *Id.* at 18.  The court thoroughly addressed the waiver provision with Toney and assured that he was competent, that the plea agreement was fully explained to him, and that he had an opportunity to discuss his plea with counsel.  *Id.* at 10-15.

On May 16, 2019, consistent with the parties' recommendation, the sentencing judge varied downward from the advisory sentencing guideline range and imposed a sentence of 120 months' imprisonment and four years of supervised release.  Despite this sentence, Toney spent only fifty-five months in custody because President Biden commuted his sentence.  ECF No. 271 at 5.  The executive grant of clemency left "intact and in effect . . . the term of supervised release imposed by the court with all of its conditions."  ECF No. 266 at 1.  Toney began serving his four-year term of supervised release on or about December 22, 2024.  *Id.*  at 1, 19.  Toney then moved to terminate supervised release pursuant to 18 U.S.C. § 3583(e).  ECF No. 268 at 2.

## II.    LEGAL STANDARD

An appellate waiver in a plea agreement is enforceable and precludes review of the merits where (1) the issues on appeal fall within the scope of the waiver; (2) the defendant knowingly and voluntarily agreed to the waiver; and (3) enforcing the waiver would not work a miscarriage of justice.  *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008); *United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008).

If the waiver does not preclude review of the merits, the court may provide relief if early termination "is warranted by the conduct of the defendant released and the interest of justice."

18 U.S.C. § 3583(e)(1). The court must first consider the sentencing factors set forth in 18 U.S.C. § 3553(a), which include the nature and circumstances of the defendant's offense, the defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from future crimes of the defendant, the kinds of sentence and sentencing range established for the defendant's crimes, pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020).

A district court has discretion to consider a wide range of circumstances when determining whether to grant early termination. *Id.* (internal quotations omitted). The Third Circuit has explicitly "disavow[ed] any suggestion" that defendants seeking early termination of supervised release must show new or unforeseen circumstances. *Id.* at 53. However, "'[g]*enerally*, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id.* at 53 (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)). The burden of persuasion rests on the moving party. *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989).

## III.    DISCUSSION

Toney asks the Court to terminate supervised release early, arguing his compliance with the conditions of supervised release and rehabilitation through community leadership in his mosque warrant termination. *See generally* ECF No. 268. The Government opposes, contending that the appellate waiver bars Toney from challenging his sentence and that Toney has not otherwise demonstrated he merits early termination. *See generally* ECF No. 271. The Court agrees with the Government.

### A.        The Plea Agreement Precludes the Relief Sought

Toney waived the right to challenge his four-year term of supervised release in his plea agreement and confirmed the same during his sentencing hearing.  In *United States v. Damon*, the Third Circuit held that a waiver that limited the right to file "any appeal, any collateral attack, or any other writ or motion . . . which challenges the sentence imposed" applied to motions for early termination of supervised release.  933 F.3d 269, 270-71 (3d Cir. 2019).  However, Toney's waiver does not include the words "any other writ or motion."  *See* ECF No. 129 ¶ 15.

The Court of Appeals later considered a waiver substantively identical to Toney's in the non-precedential Third Circuit opinion *United States v. Oyerinde*, 785 F. App'x 111 (3d Cir. 2019).  Enforcing the waiver on appeal from a denial of a motion for early termination, the *Oyerinde* court held that "[a]t its core, Defendant's motion . . . challenged his original sentence by seeking to shorten the term of supervised release."  *Id.* at 113 (citing *Damon*, 933 F.3d at 272-73).  While the Government refrained from invoking the waiver before the district court, the Third Circuit noted that this "could be explained by a view that the Government decided the best way to proceed before the District Court was to address the merits.  This, however, should not preclude them from relying on the appellate waiver to bar further review."  *Id.* at 113 n.12.

Thus, the question here is whether *Damon* and *Oyerinde* lead to the conclusion that the collateral attack waiver in Toney's plea agreement applies to a motion for early termination of supervised release.  A collateral attack is "an attack on a judgement in a proceeding other than a direct appeal."  *United States v. Thompson,* 09cr7971, ECF No. 46, at 3 (E.D. Pa. Apr. 29, 2021) (quoting *Black's Law Dictionary* (11th ed. 2019)).  The Third Circuit recognizes that motions for early termination "challenge[] [the] original sentence by seeking to shorten the term of . . . supervised release."  *Oyerinde*, 785 F. App'x at 113.  As "the nature of a motion to terminate

4

supervised release is an attempt to change or alter a sentence," such a motion would constitute a collateral attack. *See United States v. Lui*, 10cr437, 2021 WL 242476, at *2 n.24 (E.D. Pa. Jan. 22, 2021). The Court therefore concludes that Toney's waiver precludes the relief he seeks here.[1]

Toney entered the waiver voluntarily and knowing that it precluded him from filing any other motion, including a motion for early termination. The central issue here is whether the parties to the 2018 colloquy "reasonably understood the meaning of collateral attack to include the present motion." *Thompson*, 09cr7971, ECF No. 46, at 5. At Toney's colloquy, the court reviewed the waiver with him and informed him that "*any other motions* that you want to file that came to mind for you or [your attorney] by pleading guilty, you're giving up your right to do that." ECF No. 143 at 17 (emphasis added). The sentencing judge asked Toney if he understood and he replied that he did. *Id.* at 18. The court thoroughly addressed the waiver provision with Toney and assured that he was competent and that he was knowingly and voluntarily agreeing to plead guilty. *Id.* at 10-15. Toney has not offered any reason to believe otherwise. *United States v. Ball*, 05cr5610, 2021 WL 51461, at *3 (E.D. Pa. Jan. 6, 2021).

Finally, enforcing the waiver does not work a miscarriage of justice. The Third Circuit recognizes that "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver." *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001). The Court considers a variety of factors in evaluating whether there has been a miscarriage of justice, including "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on

---

[1] This Court is mindful of the thoughtful decisions in *United States v. Peralta*, 14cr65217, 2026 WL 1878609 (E.D. Pa. June 30, 2026) (Kearney, J.) and *United States v. Mogilyansky*, 08cr711, 2026 WL 1707157 (E.D. Pa. June 12, 2026) (Perez, J.), among others, which held that motions for early termination fell within the scope of waivers substantially similar to Toney's.

the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 26 (1st Cir. 2001)).  Toney has not demonstrated that any of these factors are present here.

### B.        Early Termination is Not Warranted on the Merits

The relevant sentencing factors do not support early termination of supervised release. First, the nature and circumstances of Toney's convictions for large-scale distribution of cocaine and possession of a firearm in furtherance of a drug trafficking crime are undoubtedly serious. Second, Toney has received significant discretionary relief in the form of the downward variance at sentencing and the subsequent grant of executive clemency.  Further relief may degrade the ability of the sentence to afford adequate deterrence to criminal conduct.  Third, there remains a need to protect the public from further crimes of the Defendant, as he was convicted of a significant drug trafficking crime and possession of a firearm in furtherance of that crime. Maintaining Toney's supervised release will help prevent him from "backslid[ing]." *See United States v. Thena*, 12cr133, 2025 WL 2165937, at *2 (E.D. Pa. July 30, 2025).  Fourth, further relief from Toney's sentence runs the risk of significant sentence disparities among defendants with similar records.  Early termination would place him outside the sentencing range established for offenses committed by similarly situated defendants.  Fifth, and finally, Toney has made no showing that any pertinent policy statements from the United States Sentencing Commission favor early termination.  *See generally* ECF No. 268; ECF No. 272.

Toney's conduct and the interest of justice also do not warrant early termination here. Toney alleges that his maintenance of a clean record during the period of supervised release, his lawful business activity, and his leadership role within his community all mean his conduct "goes well beyond mere compliance."  ECF No. 272 at 2-3.  Though Toney's "good behavior and

6

constructive and rehabilitative actions are noteworthy," *United States v. Miller*, 23cr2932, 2024 WL 4971948, at *3 (3d Cir. Dec. 4, 2024), "good behavior, without more, is insufficient to justify early termination." *Thena*, 2025 WL 2165937, at *2.

In any event, it is not at all clear that Toney has adjusted favorably to his supervision. Specifically, the Government questions whether Toney has been fully compliant and forthcoming with the Probation Office. ECF No. 271 at 18-19. First, the Defendant has been living in a large home in the Wynnefield neighborhood of Philadelphia. The Probation Officer sought information from the Defendant about his income and employment, but the Defendant provided only incomplete information. Next, the Probation Officer advised Defendant that his driver's license was issued by the State of Delaware and that his vehicles appeared to be registered and insured in Delaware. The Probation Officer informed Defendant that he needed to change his vehicle registrations and insurance to reflect his current legal residency in Pennsylvania. The Defendant has yet to make these changes.

Toney argues that these concerns are unwarranted because they involve "minor administrative matters that do not implicate public safety." ECF No. 272 at 3. The Court finds this unpersuasive. Toney is required to "follow the instructions of the probation officer related to the conditions of supervision." ECF No. 169 at 4. His reluctance to do so with respect to these two issues is concerning and suggests that Toney has not been as compliant with the terms of his supervision as he suggests in his motion.

In addition, Toney has made no showing of any "particular hardship caused by the conditions of his supervision." *United States v. Serrano*, 12cr452, 2025 WL 3217749, at *1 (E.D. Pa. Nov. 18, 2025). Nor does he present any unforeseen or extraordinary circumstancing evidencing a need for early termination. *See Melvin*, 978 F.3d at 53 (explaining that

7

extraordinary circumstances may be sufficient to justify early termination). Accordingly, the Court declines to terminate Toney's supervised release.

## IV.   CONCLUSION

Toney has failed to provide an adequate reason to terminate his supervised release. While Toney claims certain positive accomplishments, these are not sufficient to justify the relief he seeks under the circumstances presented here. Therefore, the Court will deny his motion for early termination. An appropriate Order will follow.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge